UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID A. JONES III,**

        **Petitioner,**

v.                                   Case No. 6:20-cv-2109-CEM-GJK
                                        (6:17-cr-155-CEM-GJK)

**USA,**

        **Respondent.**
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner David A. Jones, III's, Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) and Supplement to the Motion to Vacate ("Supplement," Doc. 5) filed pursuant to 28 U.S.C. § 2255. Respondent filed a Response to the Motion to Vacate and Supplement ("Response," Doc. 6) in compliance with this Court's instructions. Petitioner did not file a Reply to the Response although given an opportunity to do so.

Petitioner asserts four grounds for relief. For the following reasons, the Motion to Vacate and Supplement will be denied.

### I. Procedural History

The Grand Jury charged Petitioner by Indictment with one count of conspiracy

to commit wire fraud (Count One) in violation of 18 U.S.C. § 1349 and twenty-four counts of wire fraud (Counts Two through Twenty-Five) in violation of 18 U.S.C. §§ 1343 and 2. (Criminal Case, No. 6:17-cr-155-CEM-GJK, Doc. 31).[1] Pursuant to a plea agreement, Petitioner entered a plea of guilty to Counts Three, Ten, Twelve, Fifteen, and Twenty-Four. (Criminal Case, Doc. Nos. 173, 289). The Government dismissed the remaining counts, and the Court sentenced Petitioner to concurrent 110-month terms of imprisonment on all counts. (Criminal Case, Doc. 253). Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed the convictions and sentences. (Criminal Case, Doc. 333).

## II. LEGAL STANDARD

Section 2255 allows federal prisoners to obtain collateral relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To obtain relief, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166

---

[1] Criminal Case No. 6:17-cr-155-CEM-GJK will be referred to as "Criminal Case."

(1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

"[I]f the petitioner 'alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.'" *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002) (quoting *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir.1989)). An evidentiary hearing is not warranted, however, "'if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Marquez v. United States*, 684 F. App'x 843, 855 (11th Cir. 2017) (quoting *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)). If a claim is meritorious, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### III.   ANALYSIS

#### A.   Grounds One and Four

In Ground One, Petitioner contends counsel rendered ineffective assistance by coercing and misadvising him to enter the plea. (Doc. 1 at 4-8). According to Petitioner, counsel failed to explain the elements of the offenses, advised him not to worry about the monetary amount contained in the factual basis of the plea agreement, told him that the "enhancements," incorrectly contained in the factual

basis, would be objected to at sentencing, and failed to tell him that the facts contained in the factual basis would be deemed admitted facts with entry of the plea. (*Id.*). Similarly, Petitioner asserts in Ground Four that counsel was ineffective for failing to withdraw his involuntary plea because counsel knew Petitioner's sentence was being overly enhanced. (Doc. 4).

Petitioner has not shown deficient performance or prejudice. The plea agreement contained the elements of the offenses. (Criminal Case, Doc. 173 at 2). At the plea hearing, Petitioner affirmed that he had read and understood the plea agreement. (Criminal Case, Doc. 289 at 5). Further, the Court explained to Petitioner the elements of the offenses that the Government had to prove. (Criminal Case, Doc. 289 at 4). In addition, the Court noted that the plea agreement contemplated Petitioner's offense level would be 24. (*Id.* at 6).

After the Government read the factual basis, Petitioner initially told the Court that parts of the factual basis, including the description of his actions in the offenses, were not accurate. The Court explained to Petitioner that it had to ensure that a factual basis existed for the plea and allowed Petitioner to confer with his attorney to discuss the factual basis and determine how he wished to proceed. (*Id.* at 19-20). Thereafter, when the Court asked Petitioner what his problems with the factual basis were, Petitioner responded that the reason he had hesitated was because he did not have personal knowledge of what his co-conspirators were doing. (*Id.* at 23).

Nevertheless, based on the discovery materials, Petitioner believed that the Government would be able to prove all the elements of the offenses, and Petitioner, therefore, said he did not object to the factual basis. (*Id.* at 23-24). In addition, Petitioner advised the Court that no one had threatened him to enter the plea, and he affirmed that there were no promises not contained in the plea agreement that induced him to enter the plea. (*Id.* at 10).

From Petitioner's representations at the plea hearing, he knew the elements of the offenses, agreed to the factual basis and the offense level of 24, and knowingly and voluntarily chose to enter the plea. A defendant's sworn representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Thus, Petitioner has not shown that counsel was deficient.

Furthermore, at sentencing, Petitioner objected to his offense level, disputing his part in the offenses. (Criminal Case, Doc. 292 at 6). Defense counsel refused to adopt Petitioner's objections because they were in contravention of the plea agreement. (*Id.*). The Court explained to Petitioner that his options were to move to withdraw the plea or to proceed to sentencing and seek a variance. The Court then allowed Petitioner an opportunity to confer with counsel to determine what he wished to do. (*Id.* at 8-15). After speaking with his counsel, Petitioner opted not to

move to withdraw his plea and instead to proceed to sentencing with the intent to seek a variance. (*Id*. at 15). Thus, Petitioner had an opportunity to move to withdraw his plea, knowing that his offense level would be 24, but he chose not to do so. In other words, Petitioner has not shown a reasonable probability exists that he would not have entered the plea or would have withdrawn his plea but for counsel's purported deficient performance. Accordingly, Grounds One and Four will be denied.

### B. Ground Two

Petitioner maintains counsel rendered ineffective assistance by failing to object to the Presentence Investigation Report ("PSR") and move to withdraw the plea. (Doc. 1 at 9-11). Petitioner complains that counsel did not adopt his objections to the PSR and failed to move to withdraw the plea after he requested counsel to do so. (*Id.*).

Petitioner has not established deficient performance or prejudice. First, as noted by the Eleventh Circuit, the Court considered Petitioner's objections to the PSR and overruled them. (Criminal Case, Doc. 333 at 9-10). Petitioner, therefore, cannot demonstrate that prejudice resulted from counsel's failure to adopt his objections to the PSR or to independently object to the PSR.

Moreover, Petitioner's contention that he told counsel to move to withdraw the plea is not credible. As discussed *supra*, the Court explained Petitioner's options

at the sentencing hearing, which included moving to withdraw the plea. After Petitioner spoke with counsel, Petitioner's counsel told the Court that Petitioner did not intend to move to withdraw the plea and wanted to proceed to sentencing. Petitioner subsequently addressed the Court, mentioning the possibility of mitigation. At no point did Petitioner refute counsel's representations regarding his decision not to move to withdraw the plea, nor did Petitioner seek to withdraw the plea. *See* Criminal Case, Doc. 292 at 22-24. Petitioner, therefore, has not demonstrated deficient performance or prejudice. Accordingly, Ground Two will be denied.

### C. Ground Three

Petitioner asserts counsel rendered ineffective assistance by failing to file a notice of appeal. (Doc. 1 at 12.) According to Petitioner, he directed counsel to file an appeal, but counsel refused to do so. (*Id.*)

The record reflects that an appeal was filed, and the Eleventh Circuit affirmed Petitioner's convictions and sentences. *See* Criminal Case, Doc. 333. Petitioner, therefore, has not shown deficient performance or prejudice. Accordingly, Ground Three will be denied.

Any of Petitioner's allegations not specifically addressed are without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1)

and Supplement to the Motion to Vacate (Doc. 5) are **DENIED,** and this case is **DISMISSED** with prejudice**.**

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:17-cr-155-CEM-GJK and to terminate the motion (Criminal Case, Doc. 335) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on October 14, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).

Copies furnished to:

Counsel of Record
Unrepresented Party